Frank **SMALDONE,** Petitioner–Appellant,

v.

Daniel **SENKOWSKI,** Superintendent, Clinton Correctional Facility, Respondent–Appellee.

Docket No. 00–2519.

United States Court of Appeals, Second Circuit.

Argued Oct. 26, 2001.

Decided Nov. 16, 2001.

Melvin L. Wulf, Beldock, Levine & Hoffman, New York, NY, for Appellant.

Donna Aldea, Assistant District Attorney, Queens County, Kew Gardens, NY, (Richard A. Brown, District Attorney, Queens County, John M. Castellano, Assistant District Attorney, of counsel), for Appellee.

Before: FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

PER CURIAM.

Petitioner–Appellant Frank Smaldone appeals from the denial of his petition for a writ of habeas corpus on August 3, 2000 in the United States District Court for the Eastern District of New York (John Gleeson, *Judge* ), under a certificate of appealability granted by the district court on September 20, 2000 and expanded by this Court on March 23, 2001. For substantially the same reasons set forth by the district court, we AFFIRM.

Smaldone was convicted for murder in the second degree and arson in the third degree by a New York state court in 1992.

*Smaldone v. Senkowski*, No. 99–CV–3318 JG, 2000 WL 1134391, at *1 (E.D.N.Y. Aug.3, 2000). After his conviction was affirmed on direct appeal, Smaldone began to pursue collateral relief in the state courts. *Id.* at *1. While his motion under New York Criminal Procedure Law § 440 was pending in the state court system, Smaldone filed pro se for federal habeas relief. The United States District Court for the Eastern District of New York dismissed his petition without prejudice for lack of exhaustion on September 19, 1997. *Id.* The court included in its dismissal order a warning about the one-year statute of limitations for filing of federal habeas petitions under the 1996 Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). After pursuing the § 440 motion and a coram nobis petition in the state courts, Smaldone attempted to return to the federal system on June 11, 1999. *Id.* at *3. The district court dismissed the petition as untimely under the AEDPA's implied one-year grace period, and found no basis for "equitable tolling" of the limitation period. *Id.* at *5–*6.

This Court has jurisdiction to consider Smaldone's appeal under a certificate of appealability granted by the district court on the issue of "whether [Smaldone's attorney's] mistaken belief that AEDPA's one-year limitation period is re-set (rather than merely tolled) by pending state petitions for post-conviction review should result in equitable tolling of the limitation period," and amended by this Court to include a second issue, "whether the ninety-day period available for seeking a writ of certiorari from the United States Supreme Court upon exhausting state appellate procedures governing state post-conviction or other collateral review, is included in the time tolled under 28 U.S.C. § 2244(d)(2)." *See* 28 U.S.C. § 2253. Although in answering the certi-

fied questions we affirm the district court's denial of Smaldone's petition for substantially the same reasons set forth by the district court, we write a brief opinion to express our intent to join our sister circuits, though on a somewhat narrower basis, in rejecting the inclusion of the ninety-day period during which a petitioner could have filed a certiorari petition after the denial of his state post-conviction petition under the tolling provision of 28 U.S.C. § 2244(d)(2).

## A. Tolling for Supreme Court Review

■ The AEDPA imposed for the first time a one-year statute of limitations for the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1).[1] To support the federal interest in comity and finality of state court judgments, *see Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2128, 150 L.Ed.2d 251 (2001), AEDPA added to this time constraint a tolling provision allowing courts to suspend the progress of the statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because petitioner raises a question of law as to whether this provision may include the ninety-day period for pursuit of certiorari on state collateral motions, we review the district court's dismissal of Smaldone's

habeas petition de novo. *See Williams v. Artuz,* 237 F.3d 147, 150 (2d Cir.2001); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999).

Other circuits examining this issue have found, with some variation in the breadth of their holdings, that the statute of limitations should not toll during the period for seeking certiorari. *See Stokes v. Philadelphia,* 247 F.3d 539, 542 (3d Cir.2001); *Crawley v. Catoe,* 257 F.3d 395, 399–401 (4th Cir.2001); *Snow v. Ault,* 238 F.3d 1033, 1035 (8th Cir.2001); *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000); *Gutierrez v. Schomig,* 233 F.3d 490, 491–92 (7th Cir.2000) (limiting the holding to prevent tolling during the ninety-day period in cases in which a petition is not actually filed); *Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir.2000); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999); *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir.1999).

To determine whether to join our sister circuits in rejecting tolling for the certiorari period, we will consider the various reasons for their decisions. "We begin, as always, with the language of the statute." *Duncan,* 121 S.Ct. at 2124.

■ As several other circuits have noted, the timing-related language in § 2244(d)(2) differs from that in § 2244(d)(1)(A). Specifically, § 2244(d)(1)(A), describing the point at

---

**1.** Specifically, the AEDPA provides in § 2244(d)(1):

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

which the statute of limitations should begin to run, notes that the key date is "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Notably, § 2244(d)(2) does not mention a time period for the pursuit of additional review. 28 U.S.C. § 2244(d)(2). As the Supreme Court said in *Duncan,* "[i]t is well settled that 'where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Duncan,* 121 S.Ct. at 2125 (quoting *Bates v. United States,* 522 U.S. 23, 29–30, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997)). Thus, the Third, Fourth, Fifth, Sixth, Eighth, Tenth and Eleventh Circuits have concluded that this omission demonstrates Congress's intent not to include a period for certiorari petitioning under the tolling provision. *See Stokes,* 247 F.3d at 542; *Crawley,* 257 F.3d at 400; *Snow,* 238 F.3d at 1036; *Isham,* 226 F.3d at 695; *Coates,* 211 F.3d at 1227; *Ott,* 192 F.3d at 513; *Rhine,* 182 F.3d at 1155.

Several circuits have also stressed the importance of the modification of "post-conviction or other collateral review" by the word "State." While the Supreme Court held only that the inclusion of "State" in the § 2244(d)(2) phrase prevented tolling of the limitations period during consideration of federal habeas petitions, these circuits have further concluded that the restriction to "State" post-collateral and other forms of review excludes tolling during petition for Supreme Court review of state post-conviction claims. *See Stokes,* 247 F.3d at 542; *Crawley,* 257 F.3d at 400; *Isham,* 226 F.3d at 695; *Rhine,* 182 F.3d at 1156. In the words of the Tenth Circuit, "[a] petition for writ of cer-

tiorari to the United States Supreme Court is simply not an application for state review of any kind; it is neither an application for state post-conviction review nor an application for other state collateral review." *Rhine,* 182 F.3d at 1156.

█ Several circuits further note that by excluding the time period for certiorari petitions after post-conviction proceedings from the tolling provision, Congress mirrored the exhaustion requirements for submission of a federal habeas claim. *See Snow,* 238 F.3d at 1036; *Isham,* 226 F.3d at 695; *Ott,* 192 F.3d at 513. Before a federal district court may consider a petitioner's habeas claims, the petitioner must exhaust in the state courts any constitutional claims he wishes to raise in the federal forum. *See Zarvela v. Artuz,* 254 F.3d 374, 378 (2d Cir.2001). This exhaustion requirement does not, however, require petitioner to seek certiorari from the Supreme Court on the basis of the state court's denial of post-conviction relief before pursuing a federal remedy. *See Snow,* 238 F.3d at 1036. Thus, these circuits infer that if the petitioner is not required to turn to the Supreme Court before qualifying for federal habeas review—review that could potentially undo the state court's verdict—the tolling period does not need to include the period required to seek such review in order to protect the finality of state judgments. Noting that a petitioner could file for federal habeas during this period, they conclude that it is "unlikely" Congress intended to allow such tolling, when its stated goals included "curb[ing] the protracted nature of habeas corpus proceedings." *Isham,* 226 F.3d at 695.

█ We find it unnecessary, however, to resolve these issues on the facts before us. We reach this conclusion because we find the language of the tolling provision to be

explicit for cases like this one, where no certiorari petition was filed. Section 2244(d)(2) expressly provides that the limitations period is tolled during the time that "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment claim is *pending.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Because Smaldone never sought certiorari from the Supreme Court, no application for review was either "properly filed" or "pending" here, and thus the statute was not tolled. We therefore exclude from tolling under 28 U.S.C. § 2244(d)(2) the ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition. Our holding is limited to the facts of this case, and we do not reach the questions that would have been raised if a certiorari petition had been properly filed. *See also Gutierrez v. Schomig,* 233 F.3d 490, 491–92 (7th Cir. 2000) (similarly limiting the Seventh Circuit's holding to preclude tolling during the ninety-day period for certiorari when no petition was filed).

### B. Equitable Tolling

Petitioner also asks whether his attorney's mistaken belief that AEDPA's one-year limitation period is "reset" rather than tolled by state post-conviction petitions should result in equitable tolling of the limitation period.

■ This Court has joined the majority of circuit courts in formally recognizing the application of equitable tolling to the one-year grace period implied for petitioners convicted prior to AEDPA's passage in 1996. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). Equitable tolling, however, is only appropriate in "rare and exceptional circumstances." *Id.* To merit application of equitable tolling, the petitioner must demonstrate that he acted with "reasonable diligence" during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances "beyond his control" prevented successful filing during that time. *See id.; Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999).

This Circuit, like her sisters, has found attorney error inadequate to create the "extraordinary" circumstances equitable tolling requires. *See Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir.2000) (attorney's misunderstanding of the period for which a claim remained "pending" did not warrant equitable tolling); *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Taliani v. Chrans,* 189 F.3d 597, 598 ("a lawyer's mistake is not a valid basis for equitable tolling"); *Sandvik v. United States,* 177 F.3d 1269, 1270 (11th Cir.1999) ("mere attorney negligence ... is not a basis for equitable tolling").

■ Additionally, we have already rejected another plea for equitable tolling based on *Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997), the very case on which petitioner asserts his attorney justifiably relied. *See Smith,* 208 F.3d at 16–17. Furthermore, we find § 2244(d)(2)'s tolling provision unambiguous in its intention to prevent certain periods from "counting toward" the one-year statute. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review ... is pending *shall not be counted toward* any period of limitation under this subsection.") (emphasis added). Thus, we answer petitioner's equitable tolling question also in the negative, finding that the attorney's mistaken belief that the tolling period reset after each state collat-

eral appeal does not constitute the "extraordinary" circumstances warranting equitable tolling.

### C. Supplemental Claim

Petitioner submits a supplemental brief asking this Court to apply retroactively its June 14, 2001 decision in *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir.2001).

■■■■ As Amended by the AEDPA, 28 U.S.C. § 2253 provides guidelines for an appeal from a dismissal of a petition for habeas corpus in the federal district court.

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
>
> . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253. This Court has interpreted § 2253's requirement to preclude consideration of issues outside the certificate of appealability. *See Green v. United States,* 260 F.3d 78, 85 (2d Cir.2001) (finding lack of appellate jurisdiction to reach an equitable tolling argument not included in the certificate of appealability); *Armienti v. United States,* 234 F.3d 820, 824 (2d Cir.2000) ("We will not address a claim not included in the certificate of appealability"). Because petitioner's supplemental claim is not included under the certificate of appealability as amended, we lack jurisdiction to consider the question at this time. The parties suggest that this issue is included under the certificate of appealability because this Court granted a Motion to file a Supplemental Brief addressing the *Zarvela* issue. The suggestion is rejected. In most instances (as in this one), a motion to file a supplemental brief requires no showing of a denial of a constitutional right. The requirement of a "substantial showing of the denial of a constitutional right" must be addressed before a certificate of appealability may issue. The specific requirements of the AEDPA may not be satisfied other than through direct consideration of the appealability of a question. A supplemental brief motion cannot, therefore, place the issue properly before this Court.

For the reasons set forth above, the ruling of the district court is AFFIRMED.