**Eduardo BRIGIAN, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Supt., Respondent–Appellee.**

**Docket No. 01–2389.**

United States Court of Appeals, Second Circuit.

June 18, 2002.

Randall D. Unger, Kew Gardens, NY, for Appellant.

Vered Adoni, Assistant District Attorney (Richard A. Brown, District Attorney for Queens County, John M. Castellano, Assistant District Attorney, on the brief) Kew Gardens, NY, for Appellee.

Present WALKER, Jr., Chief Judge, MINER and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner-appellant Eduardo Brigian appeals from the June 12, 2001, judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *District Judge*) dismissing his petition for a writ of habeas corpus as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1217, 1220 (codified at 28 U.S.C. § 2244). In dismissing the petition, the district court granted a certificate of appealability on the issue of whether Brigian is entitled to equitable tolling of the one-year statute of limitations imposed by AEDPA. *See* 28 U.S.C. § 2244(d)(1). We conclude that he is not.

Brigian was convicted, following a jury verdict, of second-degree murder and criminal possession of a weapon in the second degree in Queens County Supreme Court in September 1992. Following his conviction, Brigian filed a motion pursuant to N.Y. Criminal Procedure Law § 440.10 seeking to have his conviction vacated. This motion was denied by Queens County Supreme Court on January 25, 1994, and leave to appeal the decision was denied by the Appellate Division. Brigian's conviction was affirmed on direct appeal by the Appellate Division in June 1995. *People v. Brigian,* 216 A.D.2d 405, 628 N.Y.S.2d 512 (N.Y.App.Div.1995). On August 22, 1995, the New York Court of Appeals denied leave to appeal Brigian's conviction. *People v. Brigian,* 86 N.Y.2d 791, 632 N.Y.S.2d 504, 656 N.E.2d 603 (1995). Bri-

gian did not file a petition for writ of certiorari in the United States Supreme Court and, thus, his conviction became final on November 20, 1995, the expiration date for seeking direct review by the United States Supreme Court. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998). Because Brigian's conviction became final before April 24, 1996, the date AEDPA became effective, Brigian had until April 24, 1997 plus any time tolled under § 2244(d)(2) or under the doctrine of equitable tolling to file his first habeas petition. *See id.* at 102–03; *see also Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.) (per curiam), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000).

According to Brigian's petition, in December 1996 he retained attorney Richard Heelan to prepare and file either a second § 440.10 motion or a federal habeas corpus petition, paying him a $7500 retainer. On April 15, 1997, Brigian sent Heelan all of Brigian's court documents. The attorney, however, never filed the petition and never returned Brigian's documents. Brigian filed a grievance against Heelan and was informed in May 1998 that Heelan had been disbarred. Brigian made several efforts to obtain duplicate copies of his lost documents, including filing motions and writing letters to various court agencies and the District Attorney's office, all, apparently, to no avail.

On August 31, 1999, Brigian filed a second § 440.10 motion. The motion was denied by the Queens County Supreme Court on September 29, 1999, and leave to appeal was denied by the Appellate Division on August 2, 2000. On May 5, 2000, more than four and a half years after the completion of Brigian's direct appeal and more than three years after the effective date of AEDPA, Brigian filed a petition for a writ of habeas corpus in the district court. On June 5, 2001, the district court granted respondent's motion to dismiss the petition as time-barred under § 2244(d)(1). The district court rejected Brigian's argument that he was entitled to equitable tolling of the AEDPA limitations period, finding that Brigian could have filed the petition without obtaining the court documents he sought for two years (pointing out that Brigian in fact did file his petition without obtaining the papers), and therefore, that Brigian failed to exercise reasonable diligence in filing his petition. *Brigian v. Artuz,* No. 00–cv–2675, slip op. at 6–8 (E.D.N.Y. June 5, 2001).

We have held that equitable tolling "is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001) (per curiam) (quoting *Smith,* 208 F.3d at 17), *cert. denied,* 122 S.Ct. 1606, 152 L.Ed.2d 621(2002). To be entitled to equitable tolling, a petitioner must show "that extraordinary circumstances prevented him from filing his petition on time" and that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17; *see also Smaldone,* 273 F.3d at 138. To establish "extraordinary circumstances," a petitioner "must 'demonstrate a causal relationship between the extraordinary circumstances ... and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001) (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000)), *petition for cert. filed,* (U.S. Oct. 9, 2001) (No. 01–8722). We agree with the district court that the circumstances advanced by petitioner do not satisfy this standard.

Although the conduct of Brigian's retained attorney was egregious and Brigian's inability to obtain his court records is unfortunate, it is far from clear whether either situation would constitute an ex-

traordinary circumstance sufficient to satisfy the first prong of the analysis. *See Smaldone,* 273 F.3d at 138 ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires."); *Davis v. McCoy,* No. 00 Civ. 1681, 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2000) (holding that inability to obtain court documents did not constitute "extraordinary circumstance"). *But see Valverde,* 224 F.3d at 133–34 (finding that intentional confiscation of petitioner's legal papers by corrections officer constituted an "extraordinary" circumstance).

 Assuming they would constitute an extraordinary circumstance, however, we nevertheless find that Brigian is not entitled to equitable tolling because he failed to "act[ ] with reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17. In *Valverde,* 224 F.3d at 134, we held that if extraordinary circumstances "prevent[ ] a petitioner from filing before the ordinary limitations period expires, the tolling period must be sufficient to permit the filing of a petition on or before the earliest date after the [extraordinary circumstance] by which that petitioner, acting with reasonable diligence, should have filed his or her petition." As the district court noted, Brigian failed to exercise such reasonable diligence because, although he ultimately filed his § 440.10 motion and his habeas petition without the benefit of obtaining the court papers he sought, he did not file any collateral attack on his conviction until almost two and a half years after the AEDPA deadline had passed and more than one year after learning that his attorney had been disbarred. *See id.* at 134 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."); *see also Zarvela v. Artuz,* 254 F.3d 374, 382 (2d Cir.) (observing that "[p]rompt action by the petitioner to initiate exhaustion and return to federal court after its completion[, normally no more than 30 days for each process,] serves as the functional equivalent of . . . 'reasonable diligence' "), *cert. denied sub nom. Fischer v. Zarvela,* —— U.S. ——, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001). Accordingly, we find no basis for equitably tolling the time to file petitioner's habeas petition.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.