**Fred HUTZENLAUB, Petitioner,**

v.

**Leonard PORTUONDO, Superintendent, Shawangunk Correctional Facility, Respondent.**

**No. 02CV894 (ADS)(MLO).**

United States District Court, E.D. New York.

Nov. 27, 2002.

Julia Pamela Heit, Esq., New York, NY,
Attorney for the Petitioner.

Suffolk County District Attorney, by Assistant District Attorney John J. Ribeiro, Riverhead, NY, Attorneys for the Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The petitioner Fred Hutzenlaub ("Hutzenlaub" or the "petitioner") seeks a petition for a writ of habeas corpus involving his robbery and assault convictions in the County Court of Suffolk County, New York (the "County Court"). The respondent moves to dismiss the petition on the ground that it is untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2244 and 2254 (the "AEDPA").

## I. BACKGROUND

In 1997, a jury found the petitioner guilty of robbery and assault. The County Court then entered judgment against the petitioner and sentenced him to consecutive terms of incarceration. On October 25, 1999, the New York Appellate Division, Second Department (the "Appellate Division") affirmed the judgment of conviction. On January 20, 2000, the New York Court of Appeals denied leave to appeal. Thereafter, the petitioner did not seek a writ of certiorari in the United States Supreme Court.

On April 5, 2001, the petitioner filed a motion in the County Court to vacate his judgment on the ground of ineffective assistance of counsel pursuant to N.Y.Crim. Proc. Law § 440. The County Court denied that motion and the petitioner moved for leave to appeal to the Appellate Division. On October 22, 2001, a single Justice of the Appellate Division denied leave to appeal pursuant to CPL 450.15 and 460.15. On November 8, 2001, the petitioner filed a

petition for a writ of error corum nobis on the ground of ineffective assistance of appellate counsel. On January 28, 2002, the Appellate Division denied the petition for a writ of error coram nobis. On February 8, 2002, the petitioner filed a petition for a writ of habeas corpus in the Eastern District of New York. The respondent now moves to dismiss that petition on the ground that it is untimely.

## II. DISCUSSION

### A. The AEDPA

The one year statute of limitations under the AEDPA applies to all state convictions that became final after the statute's April 24, 1996 effective date. 28 U.S.C. § 2244(d)(1). *See also Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA's one-year statute of limitations begins to run once a conviction becomes "final". 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" upon completion of a defendant's direct appeal in the respective state's highest court and the United States Supreme Court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001). A petition for a writ of certiorari in the United States Supreme Court must be filed within ninety days of the final decision from the state's highest court. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998).

On April 19, 2000, the petitioner's conviction became "final" for purposes of the AEDPA because this was the final day for the petitioner to seek a writ of certiorari in the United States Supreme Court. Beginning April 20, 2000, the petitioner had one year to file his petition for a writ of habeas corpus. *See* Fed.R.Civ.P. 6(a) ("[T]he day of the act, event or default from which the designated period of time begins to run shall not be included."). The petitioner did not file his petition for a writ

of habeas corpus until February 8, 2002. As such, his petition is untimely.

However, certain periods of time are tolled under the AEDPA. For example, the one year statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. § 2244(d)(2). "[A] state court-petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999).

■ It is well-settled that no appeal lies to the New York Court of Appeals from an order of the Appellate Division denying an application for a writ of error coram nobis. *People v. Williams*, 97 N.Y.2d 748, 742 N.Y.S.2d 603, 769 N.E.2d 349 (N.Y.2002); *People v. Green*, 97 N.Y.2d 626, 735 N.Y.S.2d 486, 760 N.E.2d 1281 (N.Y.2001). In addition, no appeal lies to the New York Court of Appeals from "an order of a single Justice of the Appellate Division denying leave to appeal to that Court pursuant to CPL 460.15." *People v. Johnson*, 98 N.Y.2d 687, 746 N.Y.S.2d 688, 774 N.E.2d 753 (N.Y.2002); *People v. Grossmann*, 87 N.Y.2d 1003, 642 N.Y.S.2d 856, 665 N.E.2d 657 (N.Y.1996); *People v. Jones*, 85 N.Y.2d 882, 626 N.Y.S.2d 752, 650 N.E.2d 410 (N.Y.1995).

■ As a result of these state procedural rules, the Second Circuit has noted that a petition for a writ of error coram nobis "ceas[es] to be pending on the date on which the Appellate Division denied it, because, as of that date, 'the door of the New York Court of Appeals [is] closed and further appellate review [is] unavailable.'" *Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir.2001) (citing *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.2000)). The same reasoning applies to a single Justice

of the Appellate Division's denial of leave to appeal to that court pursuant to CPL 460.20. *Geraci*, 211 F.3d at 9.

■ In the instant case, the petitioner filed two motions after his conviction became "final" under the AEDPA: (1) a motion to vacate his conviction pursuant to CPL 440 (filed on April 5, 2001 with no further appellate review available on October 22, 2001); and (2) a petition for a writ of error coram nobis (filed on November 8, 2001 with no further appellate review available on January 28, 2002). These periods of time are not included under the statute of limitations. However, the following periods of time are:

(1) April 20, 2000 to April 4, 2001–350 days;

(2) October 23, 2001 to November 7, 2001–16 days;

(3) January 29, 2002 to February 7, 2002–10 days.

This constitutes a total of 376 days. The petition is untimely unless an additional period of time is excluded under the AEDPA. The petitioner's argument that the statute of limitations was tolled during the time it took the state to serve him with the decisions of the Appellate Division is meritless. *See Geraci*, 211 F.3d at 9 (stating that a motion is "pending" for AEDPA purposes from the time the motion is filed until it is decided). Because there were no other motions that the petitioner filed that could toll the statute of limitations, his petition is time-barred.

## B. Equitable Tolling

■ The final issue is whether the doctrine of equitable tolling excuses the petitioner's failure to comply with the time limitations. The doctrine of equitable tolling is proper only in the "rare and excep-

tional circumstance." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks and citation omitted). To invoke this doctrine, a petitioner must show that: (1) "extraordinary circumstances prevented him from filing his petition on time"; and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.* at 17 (citation omitted).

 The petitioner argues that the Court should toll the statute of limitations for a minimum of ten months because his appellate counsel failed to inform him of the New York Court of Appeals' denial of his application for leave to appeal. The respondent submits no reply brief addressing this issue. Nevertheless, on its face, this argument appears to lack merit. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001) (holding that attorney error is not "extraordinary circumstances" under the equitable tolling doctrine).

However, the petitioner argues that appellate counsel's actions constituted "gross misconduct". Gross misconduct could constitute "extraordinary circumstances". *See Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000) (finding the intentional confiscation by a correction officer of prisoner's draft habeas petition and other legal papers to be "extraordinary"). Because the petitioner has not stated the precise actions that constituted "gross misconduct" and the respondent does not address this allegation, an evidentiary hearing is necessary. *See id.* at 135 (remanding to the district court for an evidentiary hearing to develop the facts relevant to the petitioner's claim of equitable tolling). As such, the Court directs the parties to appear for an evidentiary hearing which is limited solely to the issue of equitable tolling.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the petitioner, his present counsel and the respondent are to appear for an evidentiary hearing before this Court on January 9, 2003 at 9:30 a.m.; and it is further

**ORDERED,** that the petitioner's former appellate counsel Dennis M. Lemke, Esq. is directed to appear on the above-noted date with all documents pertaining to his representation of the petitioner and to testify as a witness concerning when he notified the petitioner that the New York Court of Appeals denied his application for leave to appeal and to give any further relevant testimony concerning the issue of equitable tolling; and it is further

**ORDERED,** that the Clerk of the Court is directed to serve Lemke with a copy of this order at his business address: 114 Old Country Road, Suite 200, Mineola, New York 11501; and it is further

**ORDERED,** that the petitioner's counsel is to arrange the production of her client for the evidentiary hearing.

**SO ORDERED**