Eric CALDERON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 01–2054.

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Polly N. Passonneau, New York, NY, for Petitioner–Appellant.

Michael J. Ramos, Assistant United States Attorney for Alan Vinegrad, United States Attorney for the Eastern District of New York (Peter A. Norling, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Respondent–Appellee.

Present FEINBERG, MESKILL and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is hereby **DISMISSED.**

Petitioner–Appellant Eric Calderon appeals from a judgment of the United States District Court for the Eastern District of New York (Raggi, *J.*) denying in part his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The district court rejected Appellant's claims (1) that he was denied the effective assistance of counsel, and (2) that the prosecution failed to disclose exculpatory evidence. However, the court accepted Appellant's argument that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the judgment of conviction against him for violation of 21 U.S.C. § 841(b)(1)(A) (for drug trafficking involving 5 kilograms or more of drugs) could not stand, since the jury had not made any findings as to drug quantity. The court therefore amended the judgment to indicate a conviction pursuant to 21 U.S.C. § 841(b)(1)(C), the section that prohibits drug trafficking without regard to specific quantity. The court determined that re-sentencing was not necessary, however, because Appellant's Guideline range would be the same under either section and because the sentence that the court imposed—188 months—did not exceed the statutory maximum for a conviction under § 841(b)(1)(C).

The district court concluded that *Apprendi* "does not apply to factors relevant under the Sentencing Guidelines that simply help a court determine where within a given statutory range a defendant should be sentenced." The court cited decisions in several other circuits that had reached this conclusion, but noted that "the Second Circuit has yet to address the issue." The district court therefore granted a certificate of appealability on the "single issue" of its "denial of [Defendant's] *Apprendi* claim insofar as it applies to factors relevant under the Sentencing Guidelines."

Subsequent to the district court's granting of the certificate of appealability on that question, we issued our opinion in *United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001), holding that "a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury." Therefore any argument by Appellant on this point is foreclosed, and indeed he appears to have abandoned the claim.

Appellant instead argues, for the first time on appeal, that his conviction must be reversed because, following *Apprendi*, "defendants should ... have the right to present a defense of sentencing entrapment and to have that defense decided by a jury when their sentence will be based on quantity." To the extent that this new claim raises a question different from that decided in *Garcia*, however, it exceeds the scope of the certificate of appealability, and we are without jurisdiction to hear it.

*See* 28 U.S.C. § 2253(c); *see also Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir.2001) ("This Court has interpreted § 2253's requirement to preclude consideration of issues outside the certificate of appealability."). Accordingly, the appeal is DISMISSED.