**Abdel Jabbor MALIK, Petitioner–Appellant,**

v.

**Victor HERBERT, Respondent–Appellee.**

**Docket No. 02–2214.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Abdel Jabbor Malik, Alden, NY, for Petitioner–Appellant, pro se.

Steven N. Schulman, Attorney General's Office, State of New York, New York, NY, for Respondent–Appellee.

Present: F.I. PARKER, FEINBERG, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Petitioner-appellant Abdel–Jabbor Malik appeals from an order entered March 21, 2002 in the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) dismissing his petition for a writ of habeas corpus. The district court granted a certificate of appealability on the limited issue of whether "petitioner was granted adequate time and an effective opportunity to obtain contrary evidence," at his final parole revocation hearing.

Petitioner challenged his re-incarceration by filing a separate petition for habeas corpus relief in Dutchess County Supreme Court, Clinton County Supreme Court, and Wyoming County Supreme Court, all of which were ultimately dismissed. The Clinton County petition, in particular, was dismissed because Petitioner failed to comply with N.Y. C.P.L.R. § 7002(c)(6)'s no-

tice requirement.[1] Petitioner appealed only the dismissal of the Clinton County petition. The Appellate Division, Third Department, affirmed the dismissal of the Clinton County petition, citing Petitioner's failure to comply with Section 7002(c)(6), *People ex rel. Malik v. Senkowski,* 278 A.D.2d 547, 718 N.Y.S.2d 223 (N.Y.App. Div.2000), and the New York Court of Appeals summarily denied Petitioner's motion for leave to appeal. *People ex rel. Malik v. Senkowski,* 96 N.Y.2d 705, 748 N.E.2d 1073, 725 N.Y.S.2d 277 (N.Y.2001). Petitioner's subsequent petition for a writ of habeas corpus in federal district court was dismissed.

We review *de novo* a district court's decision on a habeas petition. *See Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir. 1996). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), a petitioner may obtain habeas relief on a claim adjudicated on the merits by the state courts only when the judgment is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Kennaugh v. Miller,* 289 F.3d 36, 42 (2d Cir.2002) (quoting 28 U.S.C. § 2254(d)(1)). Judgments based on adequate and independent state law grounds, however, are beyond the reach of federal court review in habeas proceedings and will not be reviewed. *Coleman v. Thompson,* 501 U.S. 722, 729–730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations omitted).

In this case, the state courts dismissed the Clinton County petition on an adequate and independent state law procedural ground—noncompliance with Section 7002(C)(6). We may not review the claim absent evidence of good cause and actual prejudice, or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Kennaugh,* 289 F.3d at 48–49.

Petitioner does not maintain that the procedural bar is an inadequate basis to preclude federal habeas review of his underlying claims. Petitioner also presents no evidence establishing good cause for his default and we find nothing to suggest a fundamental miscarriage of justice exacted on Petitioner if we fail to consider his claims. Accordingly, we remain without authority to review Petitioner's certified claim. The Order of the district court denying the petition and dismissing Petitioner's case is AFFIRMED. The additional issues Petitioner raises in his brief are outside the scope of the COA, not properly before this Court, *see Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir. 2001), and are, likewise, DISMISSED. To the extent that a liberal reading of Petitioner's brief suggests an attempt to expand the COA, our review of the additional issues attempted to be raised indicate they are without merit. Accordingly, the request to expand the COA is denied.

---

1. Section 7002(c) provides, in pertinent part, that "[t]he petition shall be verified and shall state ... (6) the date, and the court or judge to whom made, of every previous application for the writ, the disposition of each such application and of any appeal taken, and the new facts, if any, presented in the petition that were not presented in any previous application;...." N.Y. C.P.L.R. § 7002(C)(6) (McKinney 2002). Omitting this information renders a petition "fatally defective." *People ex rel. McAllister v. McMann,* 266 N.Y.S.2d 93, 94, 25 A.D.2d 460, 461 (N.Y.App.Div. 1966).