Edward MATEOS, Petitioner,

v.

Calvin WEST, Warden, Elmira Correctional Facility, Respondent.

No. 04–CV–2846 (NGG).

United States District Court, E.D. New York.

Feb. 15, 2005.

Brad Lawrence Wolk, Kew Gardens, NY, for Petitioner.

Camille O'Hara Gillespie, Kings County District Attorneys Office, Brooklyn, NY, for Respondent.

## MEMORANDUM AND ORDER

GARAUFIS, District Judge.

Petitioner Edward Mateos brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mateos filed his habeas petition close to four years after the one-year filing deadline set forth by 28 U.S.C. § 2244(d) but asserts that the confiscation and destruction of his case file at an unspecified point in time by prison officials constitutes extraordinary circumstances that warrant the equitable tolling of the limitations period. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED as untimely.

## I. BACKGROUND

On April 15, 1996, Mateos was convicted by a jury of depraved indifference murder in violation of N.Y. Penal Law § 125.25[2]. Mateos' conviction stemmed from charges that, on June 16, 1995, he beat, strangled and stabbed to death his sixty-three-year-old neighbor, Susan Adelstein and then dragged her body out of his apartment, across the hallway and down a flight of stairs, leaving a trail of blood that led directly from Adelstein's body to Mateos' door. Following his conviction, Mateos was sentenced to a prison term of twenty-five years to life.

Mateos argued on direct appeal that the trial court erred in denying his motion to suppress his statements at the time of arrest as well as physical evidence, including a bloody knife, which was found in Mateos' apartment. On November 9, 1998, the Appellate Division, Second Department, rejected Mateos' claim on appeal and unanimously affirmed Mateos' conviction. *People v. Mateos,* 255 A.D.2d 401, 679 N.Y.S.2d 851 (2d Dep't 1998). The New York Court of Appeals denied Mateos' motion for leave to appeal on December 28, 1998. *People v. Mateos,* 92 N.Y.2d 1035, 684 N.Y.S.2d 500, 707 N.E.2d 455 (1998). Mateos then filed a *pro se* motion

for reconsideration to the Court of Appeals. On January 29, 1999, the Court of Appeals reconsidered and denied the Petitioner's request for leave to appeal. *People v. Mateos,* 92 N.Y.2d 1051, 685 N.Y.S.2d 429, 708 N.E.2d 186 (1999).

Following the conclusion of his direct appeal, Mateos filed a *pro se* petition on August 25, 1999 before New York Supreme Court, Kings County to vacate the judgment of conviction pursuant to N.Y. Criminal Procedure Law § 440.10. The motion to vacate was summarily denied on November 1, 1999. Ind. No. 7604/95 (Sup. Ct. Kings County Oct. 29, 1999) (Tomei, J.). Mateos then moved for leave to appeal the order denying his motion to vacate judgment. The Appellate Division denied Mateos' request on March 24, 2000. Resp. Ex. D.

Over two years later, on September 12, 2002, Mateos, now represented by counsel, filed a request for a writ of error *coram nobis.* Mateos' *coram nobis* application was 84 pages in length and contained numerous legal citations as well as citations to the trial transcript. Resp. Ex. E. On December 2, 2002, the Appellate Division denied Mateos' *coram nobis* application on the grounds that Mateos had "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Mateos,* 300 A.D.2d 320, 751 N.Y.S.2d 743, 744 (2d Dep't 2002). On February 27, 2003, the New York Court of Appeals denied Mateos' motion for leave to appeal the denial of his *coram nobis* application. *People v. Mateos,* 99 N.Y.2d 617, 757 N.Y.S.2d 828, 787 N.E.2d 1174 (2003).

On July 7, 2004, over one year after the denial of his *coram nobis* application (and over four years after the denial of his leave to appeal his direct appeal), Mateos filed the instant petition for a writ of habeas corpus before this court. The memorandum of law in support of Mateos' petition,

which was prepared by an attorney, did not address the timeliness of Mateos' petition.[1] In a response to a question of timeliness on the § 2254 form that was submitted with the petition, Mateos curtly stated, without any accompanying support, that his "[c]ase file was taken and destroyed by prison officials [sic]."[2] Pet'r Pet. ¶ 14. Mateos did not provide any indication of when his case file was allegedly taken, or what steps he took following the destruction of his case file to submit the instant habeas petition.

## II. DISCUSSION

### A. Mateos' Petition is Untimely by 1,318 Days.

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in ·which to file a federal habeas petition which begins to run on "the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). For New York prisoners, that generally means the conviction is final 90 days after leave to appeal to the New York State Court of Appeals is denied,

because defendants have 90 days to seek certiorari with the United States Supreme Court. *Williams v. Artuz,* 237 F.3d 147, 150–51 (2d Cir.2001). Here, the New York State Court of Appeals first denied Mateos' request for leave to appeal on December 29, 1999, and upon reconsideration, denied his request for leave to appeal again on January 29, 1999. Using the latter of these two dates to calculate the time in which Mateos could seek certiorari, Mateos' conviction became final on April 29, 1999. Thus, Mateos had until April 29, 2000 to file his federal habeas petition.

■ Where the defendant seeks state post-conviction .or other collateral review, the time between the initial filing and the final disposition of the post-conviction motion will not count toward the limitation period. 28 U.S.C. § 2244(d)(2). Here, Mateos filed a § 440.10 postconviction motion on August 25, 1999, from which leave to appeal was denied 212 days later, on March 24, 2000. Because the limitations period was tolled for 212 days .during this period, the one-year limitations period for Mateos to file his habeas expired on November 27, 2000, 212 days after the original filing deadline of April 29, 2000.[4] Mateos filed the instant habeas corpus petition on July 7, 2004, 1,318 days after the limitations period had run.[5] ·

---

1. The memorandum of law in support of Mateos' habeas petition raised the following claims: 1) Mateos was improperly excluded from sidebar conferences during jury selection; 2) Mateos was deprived of the effective assistance of both trial and appellate counsel; 3) the prosecutor made improper arguments in his summation; and 4) the trial judge gave an erroneous jury instruction on the law of justification. Pet'r Mem. in Supp. of Pet. at 14–38.

2. Mateos' explanation for the untimeliness of his petition was set forth in response to question fourteen of the habeas form, which provides: "TIMELINESS OF PETITION: If your judgment of conviction was made final over one year ago, you must set forth below why the one-year statute of limitations as codified

in 28 U.S.C. § 2244(d) does not bar your petition."

3. Other events, which are not present here, may also trigger the start of AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4. The respondent inexplicably attributes only 117 days from the time Mateos submitted his § 440.10 motion on August 25, 1999 to the time leave to appeal was denied on March 24, 2000.

5. The petitioner does not claim that equitable tolling is merited during the period his *coram nobis* application was before state court. Absent any argument to the contrary, this court assumes that the filing of Mateos' September

**B. Mateos is Not Entitled to Equitable Tolling.**

■ Since AEDPA's one-year period for filing a habeas corpus petition is a statute of limitations rather than a jurisdictional bar, federal courts may equitably toll this period. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). However, "equitable tolling is difficult to attain, as it is reserved for 'extraordinary and exceptional circumstances.'" *United States v. All Funds Distributed To, or o/b/o Weiss,* 345 F.3d 49, 54 (2d Cir.2003) (quoting *Smith,* 208 F.3d at 17). In order to equitably toll AEDPA's one year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time.... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith,* 208 F.3d at 17. "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000).

■ The petitioner has the burden of proving that equitable tolling is appropriate. *See All Funds,* 345 F.3d at 55 ("A party seeking to benefit from the doctrine bears the burden of proving that tolling is appropriate...."); *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001) ("petitioner must demonstrate ... that despite his efforts, extraordinary circumstances ... prevented successful filing during that time.") (citing *Smith,* 208 F.3d at 17);

*Williams v. Breslin,* No. 03 Civ. 1848, 2004 WL 2368011, at *5 (S.D.N.Y. Oct. 20, 2004) (same). Federal courts are to "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Martinez v. Kuhlmann,* No. 99 Civ. 1094, 1999 WL 1565177 at *4, 6 (S.D.N.Y. Dec. 3, 1999) (citations omitted) (finding that petitioner "failed to carry his burden of showing extraordinary circumstances that made it impossible for him to file a federal habeas petition.").

■ As Mateos correctly notes, the Second Circuit held in *Valverde* that the intentional confiscation of a prisoner's habeas petition and related legal papers by a corrections officer is "extraordinary" as a matter of law. *Valverde,* 224 F.3d at 133–34. Accordingly, if such confiscation "prevents a petitioner from filing before the ordinary limitations period expires, the tolling period must be sufficient to permit the filing of a petition on or before the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition." *Id.* at 134.

In *Valverde,* the petitioner, proceeding *pro se,* submitted a sworn affirmation which provided:

> The month of April 1997 was the very first time I learned of the new "AEDPA" bill of 1996. After learning of this new enactment, I sought help from the law library, after being given a form pursuant to 28 U.S.C. 2254 ... [.][U]pon completion of the form, I sent it to the law library to be typed, but a Correction Officer in SHU confiscated my legal papers from another inmate in SHU and

---

12, 2002 application for a writ of error *coram nobis* does not affect a determination of the untimeliness of Mateos' petition. Even if the filing of a postconviction motion triggers an automatic right to equitable tolling for the period the motion is before state court, Mateos' petition would still be untimely by several years.

never returned them to me. It was not until the beginning of May of 97 that I was able to complete another form pursuant to 28 U.S.C. 2254 and sent it to the court.

224 F.3d at 135. By the time Valverde filed his petition on May 6, 1997, the limitations period had passed by 12 days. *Id.*

Unlike the petitioner in *Valverde*, Mateos' claim of equitable tolling hinges on no more than the single bare assertion that his "CASE FILE WAS TAKEN AND DESTROYED BY PRISON OFFICALS [sic]." Pet. ¶ 14. Mateos does not indicate when and how the alleged confiscation occurred, or describe what efforts he made to file his petition during the 1,318 days between the expiration of the limitations period and the time the petition was finally filed with this court. Indeed, any claim the petitioner could make that the confiscation of his case file impaired his ability to timely file his habeas petition is belied by the petitioner's submission of a *coram nobis* application in September 2002, two years after the expiration of AEDPA's limitations period. Mateos' 84–page *coram nobis* application is extremely thorough, replete with citations to the trial transcript, and silent with regard to the confiscation of any legal paperwork. As the petitioner had enough case materials to file a detailed *coram nobis* application two years after the expiration of the limitations period, there does not appear to be any legitimate basis for Mateos' four-year delay in submitting his habeas petition. Even assuming Mateos' case file was confiscated following the submission of his *coram nobis* application, this would not provide a basis for this court to equitably

toll the preceding two-year period when Mateos had possession of his file.[6] *See Valverde*, 224 F.3d at 134 (petitioner must demonstrate causal relationship between extraordinary circumstances and the lateness of filing).

Contrary to Mateos' claims, *Valverde* does not create a *per se* right to equitable tolling, or for that matter an evidentiary hearing, merely by virtue of a habeas petitioner's unsupported allegation that his legal files were confiscated for an indeterminate period of time. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir.2002) (an evidentiary hearing need not be held "in every case where the petitioner alleges deprivation of access to legal papers."). In *Valverde*, the petitioner submitted an affidavit that alleged what occurred, when it occurred, and the actions the petitioner took following the alleged confiscation to file his habeas petition. 224 F.3d at 135. The Second Circuit determined that these statements were sufficient to merit further inquiry into the veracity of the petitioner's claims and whether the petitioner demonstrated reasonable diligence following the alleged confiscation to merit 12 days of equitable tolling. *Id.* Here, the petitioner does not state when the alleged confiscation occurred. Moreover, the petitioner fails to meet his burden to demonstrate that he acted with reasonable diligence to file his habeas petition following the confiscation of his legal papers. Indeed, as the petitioner seeks to equitably toll 1,318 days of the limitations period, the petitioner's burden to demonstrate he acted with reasonable diligence throughout this entire period is particularly high. To merit an

6. The court also notes that although an attorney prepared Mateos' habeas petition and *coram nobis* application, Mateos fails to explain how the alleged confiscation of his case file in prison affected his attorney's ability to file his habeas petition.

evidentiary hearing, the petitioner must first make a colorable claim that equitable tolling is warranted. Here, Mateos provides no basis for an evidentiary hearing, much less equitable tolling, due to his failure to allege the approximate date of the confiscation of his case file, how it impacted his ability to file his habeas petition, and the acts the petitioner took following the alleged confiscation that demonstrate he acted with reasonable diligence.

## III. CONCLUSION

For the foregoing reasons, Mateos' application for a writ of habeas corpus is dismissed as untimely. As Mateos has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000). Pursuant to 28 U.S.C. § 1915(a)(3), the court also certifies that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to enter judgment for the respondent and to close this case.

SO ORDERED.