Alixcair VALVERDE, Petitioner–Appellant,

v.

James STINSON, Superintendent, Great Meadow Corr. Fac., Respondent–Appellee.

No. 98–2404.

United States Court of Appeals, Second Circuit.

Argued: April 26, 2000

Decided: Sept. 11, 2000

Kim P. Bonstrom, New York, NY, for Petitioner–Appellant.

Jane S. Meyers, Assistant District Attorney, Brooklyn, N.Y. (Charles J. Hynes, District Attorney, Kings County, and Leonard Joblove, Assistant District Attorney, of counsel), for Respondent–Appellee.

Before: JACOBS, LEVAL and SACK, Circuit Judges.

SACK, Circuit Judge:

Alixcair Valverde appeals from a judgment of the United States District Court for the Eastern District of New York

(Frederic Block, *Judge* ) dismissing as untimely his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The principal question presented by this appeal is whether the confiscation of a prisoner's draft habeas corpus petition and related legal papers by a corrections officer can justify equitable tolling of the one-year period of limitations applicable to habeas corpus petitions. Because we answer that question in the affirmative, we vacate the judgment of the district court and remand for further development of the facts relevant to the petitioner's claim for equitable tolling and a decision on the basis of these additional facts as to whether the petition was timely. If the petition was timely, of course, the district court will be required to resolve it on the merits.

## BACKGROUND

On March 15, 1993, Valverde was convicted of two counts of murder in the second degree, in violation of N.Y. Penal Law § 125.25[1] and [3], one count of attempted robbery in the first degree, in violation of N.Y. Penal Law §§ 110.00 and 160.15[1], and one count of criminal possession of a weapon in the second degree, in violation of N.Y. Penal Law § 265.03. Valverde was sentenced to concurrent prison terms of twenty-three years to life on the two murder counts and five to fifteen years on the robbery and weapon counts.

On June 5, 1995, the Appellate Division of the New York Supreme Court unanimously affirmed Valverde's conviction. *See People v. Valverde,* 216 A.D.2d 339, 627 N.Y.S.2d 992 (2d Dep't 1995). On December 7, 1995, a judge of the New York Court of Appeals denied Valverde leave to appeal. *See People v. Valverde,* 87 N.Y.2d 908, 663 N.E.2d 1268, 641 N.Y.S.2d 238 (1995) (Levine, J.). Valverde's conviction became final on March 6, 1996, when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expired. *See Warren v. Garvin,* 219 F.3d 111, 112 (2d Cir.2000); *Smith v. McGinnis,* 208 F.3d 13, 15 & n. 1 (2d Cir.2000) (per curiam), *cert denied,* 121 S.Ct. 104 (2000); *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998); *see also* S.Ct. R. 13(1) (establishing ninety day period for filing petition for writ of certiorari).

On May 6, 1997, Valverde, proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In response to a motion by the respondent, the district court dismissed Valverde's petition as time-barred because it was not filed within a "reasonable time" after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214.[2] The district court rejected Valverde's argument that his tardiness should be excused because of his limited ability to speak and write English and his limited access to an adequate law library while in prison. The district court did not address Valverde's additional argument that he was prevented from filing on time by a corrections officer's confiscation of his legal papers, including his hand-written habeas corpus petition.

---

1. Although there is nothing in the record that clearly establishes the date that Valverde's petition was filed, both parties have assumed for purposes of this appeal that the date of filing was May 6, 1997, the date shown on the petition. The district court assumed the same in its unpublished memorandum and order dismissing Valverde's petition.

2. The district court relied on this Court's statement in *Peterson v. Demskie,* 107 F.3d 92, 92 (2d Cir.1997), that "a habeas corpus petitioner is entitled to a reasonable time after the effective date of the AEDPA to file a petition." We have since ruled that petitioners whose convictions became final prior to the effective date of the AEDPA have a one-year grace period, expiring on April 24, 1997, in which to file their habeas corpus petitions. *See Ross v. Artuz,* 150 F.3d at 103. Because Valverde's petition, filed on May 6, 1997, is clearly untimely under the rule announced in *Ross,* the district court's reliance on *Peterson* does not affect the outcome of this appeal.

On August 26, 1999, we granted Valverde a certificate of appealability for the limited purpose of determining whether equitable tolling might be warranted in light of the confiscation of his legal papers. This appeal followed.

## DISCUSSION

### I. Equitable Tolling

■■■ We have said that AEDPA's one-year period of limitations governing habeas corpus petitions may be equitably tolled in "extraordinary or exceptional circumstances." *Smith v. McGinnis,* 208 F.3d at 17. We have not yet applied the equitable tolling doctrine in the AEDPA context, however, because we have not heretofore been presented with a case involving circumstances that might warrant such equitable relief. *See Warren,* 219 F.3d at 113–14 (declining to apply equitable tolling); *Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir.2000) (same); *Smith v. McGinnis,* 208 F.3d at 17–18 (same). We conclude that this is such a case, and apply the principle announced in *Smith v. McGinnis* to hold that the confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling and permit the filing of a petition after the statute of limitations ordinarily would have run.

The district court dismissed Valverde's petition because it was filed on May 6, 1997, fourteen months after Valverde's conviction became final, and twelve days after the first anniversary of the effective date of AEDPA. It is undisputed that Valverde's petition should be regarded as untimely if the statute of limitations is not tolled for at least twelve days. *See Ross v. Artuz,* 150 F.3d at 103 (requiring state

court prisoners whose convictions became final before April 24, 1996 to file their petitions for habeas corpus on or before April 24, 1997).

Valverde, represented by counsel on appeal, does not contest the district court's ruling that the time for filing should not be extended because of his limited ability to communicate in English or his inadequate access to a law library. Valverde's principal contention is that the limitations period should be equitably tolled for a period sufficient to render his filing timely because the corrections officer's seizure of his legal papers "proximately caus[ed]" his failure to file on time.

■■■ "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996). In *Smith v. McGinnis,* we said that in habeas cases, "[e]quitable tolling applies only in … 'rare and exceptional circumstance[s],' " 208 F.3d at 17 (first alteration in original, second alteration added) (quoting *Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999)), and that a habeas petitioner seeking equitable tolling "must show that extraordinary circumstances prevented him from filing his petition on time," *id.* (citing *Johnson v. Nyack Hosp.,* 86 F.3d at 12).[3]

■■■ The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is "extraordinary" as a matter of law. *See Morello v. James,* 810 F.2d 344, 347 (2d Cir.1987) (holding that "intentional obstruction of a prisoner's access to the

---

**3.** A petitioner's own behavior (in addition to his failure to exercise reasonable diligence which is discussed in some detail below) may of course fatally undermine his claim that "rare and extraordinary" or "exceptional" circumstances warrant equitable tolling. A petitioner's deliberate destruction of his own petition on the eve of the filing deadline, for example, "extraordinary" though it might be, would be unlikely to provide a basis for the petitioner successfully to argue that he or she was entitled to file sometime after the deadline had passed. Indeed, such behavior can be viewed as tantamount to the petitioner's failure to exercise reasonable diligence.

courts" by means of confiscating his legal work product "is precisely the sort of oppression that [violates] the Fourteenth Amendment"). And a person is plainly "prevented" from filing a pleading for some period of time if he is deprived of the sole copy of that pleading, something that the petitioner asserts happened to him here.

■■■ But assuming that these extraordinary circumstances occurred, preventing the petitioner from filing his petition for some length of time, we must still determine whether they "prevented him from filing his petition *on time.*" *Smith v. McGinnis,* 208 F.3d at 17 (emphasis added). The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. *Cf. Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Fisher v. Johnson,* 174 F.3d 710, 716 (5th Cir.1999) (holding that "equity does not require tolling" "absent a showing that [the petitioner] diligently pursued his application the remainder of the time [between the extraordinary circumstance and the filing deadline] and still could not complete it on time").[4] If the person seeking equitable tolling has not exercised reasonable

diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

■■■ If a petitioner demonstrates that extraordinary circumstances did prevent him from filing on time and that he or she is therefore entitled to equitable tolling, how long should the limitations period be tolled? Although "equitable tolling does not lend itself to bright-line rules," *Fisher,* 174 F.3d at 713, we conclude that if an act of confiscation such as that alleged by Valverde prevents a petitioner from filing before the ordinary limitations period expires, the tolling period must be sufficient to permit the filing of a petition on or before the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition. If the limitations period is equitably tolled to permit an otherwise late filing, the limitations period may be said to have been tolled for a period, beginning on the date of confiscation, that is equal to the length of time between (i) the date on which filing ordinarily would have been required under the applicable limitations period and (ii) the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition.[5]

■■■ We hold that the sworn affirmation Valverde submitted to the district court was sufficient to permit him to sur-

---

4. Reasonable diligence is typically a factor in an equitable tolling inquiry. *See, e.g., Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618–19 (3d Cir. 1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998) (all requiring habeas petitioners seeking equitable tolling to show some form of diligence).

5. It seems unlikely that identifying the precise dates of tolling will have practical significance. We have, for example, said that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll," *Smith v. McGinnis,* 208 F.3d at 17; *accord Warren,* 219 F.3d at 113, but as the foregoing discussion makes clear, reasonable diligence is also required throughout the remainder of the period between the confiscation and the filing.

vive the respondent's motion to dismiss. In his affirmation, Valverde states:

> The month of April of 1997 was the very first time I learned of the new "AEDPA" bill of 1996. After learning of this new enactment, I sought help from the law library, after being given a form pursuant to 28 U.S.C. 2254 ... [.][U]pon completion of the form, I sent it to the law library to be typed, but a Correction Officer in SHU confiscated my legal papers from another inmate in SHU and never returned them to me. It was not until the beginning of May of 97 that I was able to complete another form pursuant to 28 U.S.C. 2254 and sent it to the court.

The affirmation asserts that the confiscation of Valverde's legal papers constituted "misconduct on the part of the Correction Officer" and that this misconduct "prevented him from filing his federal writ of habeas corpus within the one year [period of] limitation." There is no evidence in the record rebutting these assertions. While facts yet to be developed may bear on Valverde's claim that the confiscation of his legal papers "prevented" him from filing his petition on time and also on the question of whether Valverde, by filing on May 6, 1997, filed soon enough, on this record the district court should have denied the respondent's motion to dismiss.

Although Valverde's sworn statements are adequate to counter the motion to dismiss, they are not sufficient to establish his ultimate entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.2000) (per curiam) (holding that respondents' motion to dismiss should have been denied but remanding for district court to determine, after an evidentiary hearing, whether petitioner's equitable tolling claim ultimately was supported by the evidence), *modified on other grounds on reh'g,* 224 F.3d 797 (5th Cir. 2000); *Vasquez v. Greiner,* 68 F.Supp.2d 307, 311 (S.D.N.Y.1999) (denying respondent's motion to dismiss but noting that

petitioner's eligibility for equitable tolling could only be determined "after an incourt hearing"). We therefore remand to the district court with instructions for it to develop further the facts relevant to Valverde's claim that his legal papers were confiscated, that the confiscation prevented him from filing on time, and that he filed his petition within an acceptable time after the confiscation.

We note that "the district court, in its discretion, may utilize any of the habeas rules designed to supplement the record without the necessity of conducting a fullblown evidentiary hearing." *United States v. Aiello,* 814 F.2d 109, 114 (2d Cir.1987); *accord Blackledge v. Allison,* 431 U.S. 63, 81–82, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Porter v. Gramley,* 112 F.3d 1308, 1317–18 (7th Cir.1997), *cert. denied,* 522 U.S. 1093, 118 S.Ct. 886, 139 L.Ed.2d 873 (1998); *see* Rules 6–8 Governing Section 2254 Cases in the United States District Courts. If the district court decides to expand the record or grant leave for discovery instead of conducting a full evidentiary hearing, it should of course reevaluate the need for such an evidentiary hearing after these initial steps have been taken. *See* Rule 8 Governing Section 2254 Cases in the United States District Courts, advisory committee's notes (observing that determination of whether evidentiary hearing is required should be made on basis of expanded record, if there is one); Rule 7 Governing Section 2254 Cases in the United States District Courts, advisory committee's notes (noting that when issue depends on witness credibility, expanded record may be "helpful," but evidentiary hearing may still be required); *see, e.g., Salam v. United States,* No. 95 CIV. 6313(CSH), 1997 WL 104962, at *4 (S.D.N.Y. Mar. 7, 1997) (ordering expansion of record, after which "the Court will consider the necessity for an evidentiary hearing").

Finally, we note for the benefit of the district court on remand that Valverde

is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition. He would have acted reasonably by filing his petition any time during the applicable one-year period of limitations. *See Ross v. Artuz,* 150 F.3d at 100–01 (holding that one year is "a reasonable time after [AEDPA] [took] effect for the commencement of suits upon existing causes of action" and that grace period of that length is "[c]onstitution[ally] ... require[d]" (internal quotation marks omitted)). Extraordinary circumstances cannot "prevent" a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period. A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period.

## II. 28 U.S.C. § 2244(d)(1)(B)

Valverde argued below and argues again on appeal that his habeas petition is timely because it was filed pursuant to 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) provides that a habeas petition by a state prisoner will be considered timely if it is filed within one year of the "date on which [an] impediment to filing an application created by State action in violation of the Constitution ... [was] removed, if the applicant was prevented from filing by such State action." Valverde maintains that the confiscation of his legal papers was an unconstitutional impediment to filing, created by State action, that prevented him from filing on time.

▮ The only claims we may address on this appeal are those included in the certificate of appealability. *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealabil-

ity ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."); *Soto v. United States,* 185 F.3d 48, 53 (2d Cir.1999) ("[T]he certificate of appealability issued by the District Court specified only the Rule 32(c)(5) claim for appeal. Therefore, the only claim that we may address is [that claim]."); *Murray v. United States,* 145 F.3d 1249, 1251 (11th Cir.1998) ("[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA."); *Lackey v. Johnson,* 116 F.3d 149, 151 (5th Cir.1997) ("A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").

Section 2244(d)(1)(B) was not mentioned in the certificate of appealability we granted to Valverde. That document states that "[t]he motion for a certificate of appealability is granted for the limited purpose of determining whether equitable tolling of the limitation period in 28 U.S.C. § 2244(d) is available." Valverde, represented by counsel subsequent to the issuance of the certificate, did not request that we reconsider the motion panel's decision to deny him a certificate of appealability as to this issue. *Cf. Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 148–49 (2d Cir. 1999) (holding that merits panel may revisit motion panel's jurisdictional decision), *cert. denied,* —— U.S. ——, 120 S.Ct. 1243, 146 L.Ed.2d 101 (2000). *But cf. Soto,* 185 F.3d at 52–53 (holding that merits panel may not revisit motion panel's decision to grant a certificate of appealability). Instead, Valverde argued in his counseled brief a point we previously had decided that we would not consider. Because the certificate of appealability does not encompass Valverde's statutory claim based on § 2244(d)(1)(B), we do not address it.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and remand with instructions for it to develop further

the facts relevant to the petitioner's claim that he was prevented from filing his petition on time by the wrongful confiscation of his petition and legal papers.