**Brett WHEELER, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

**Docket No. 00–2250.**

United States Court of Appeals, Second Circuit.

March 13, 2001.

Sally Wasserman, Esq., New York, NY, for appellant.

58

Present WALKER, Chief Judge, OAKES and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and REMANDED.

Brett Wheeler appeals from an April 11, 2000 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) dismissing as untimely his petition for writ of habeas corpus.

We review *de novo* the district court's denial of habeas corpus relief. *See Washington v. Schriver*, 240 F.3d 101, —— 2001 U.S.App. LEXIS 129, at *16 (2d Cir.2001).

This court has held that, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), the limitations period for habeas corpus petitions "does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or [after] the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, —— – ——, 2001 U.S.App. LEXIS 34, at *10–11 (2d Cir. 2001). Wheeler acknowledges that he filed his petition for writ of habeas corpus 17 days after the expiration of this limitations period.

■ On appeal, Wheeler asks this court to remand this case to the district court so the district court may consider the possibility of equitable tolling, which, if applicable, could render his petition timely filed. Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the

lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000).

■ Wheeler argues that his history of psychiatric problems while in prison constitutes such extraordinary and rare circumstances sufficient to justify equitable tolling. Wheeler neither made the district court aware of his condition, nor raised the issue of equitable tolling. Therefore, the district court did not reach the issue of equitable tolling and had no reason to do so. We also we decline to reach the issue of equitable tolling now. We also note that the fact that petitioner acted *pro se* at the time the petition was filed does not constitute rare and extraordinary circumstances sufficient to trigger equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir.2000).

In light of the foregoing, we vacate and remand this case to the district court for consideration of petitioner's equitable tolling arguments.