Michael MURPHY, Petitioner–
Appellant,

v.

Wayne L. STRACK, Superintendent,
Fishkill Correctional Facility,
Respondent–Appellee.

No. 00–2300.

United States Court of Appeals,
Second Circuit.

May 21, 2001.

Ruth M. Liebesman, N.Y., NY, for appellant.

Martin A. Hotvet, Ass't Sol. Gen., Albany, NY, for appellee.

Present KEARSE and SACK, Circuit Judges, RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Petitioner Michael Tuohy Murphy, a New York State prisoner convicted of murder in 1985, appeals from a judgment of the United States District Court for the Northern District of New York, Lawrence E. Kahn, *Judge,* dismissing his 1999 petition for a writ of habeas corpus vacating the conviction on the ground that he testified at his criminal trial without knowing he had a constitutional right not to testify. The district judge denied the petition on the ground that it was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). It granted a certificate of appealability on the issue of whether the petition was timely under § 2244(d)(1)(D) on the premise that it was filed within one year of the date on which the factual predicate of Murphy's claim could have been discovered through the exercise of due diligence, stating that the court had "erred by not determining the ... exact date" "on which the factual predicate of the claim or claims presented could have been discover-

ed." Decision and Order dated July 11, 2000, at 2 ("Order"). On appeal, Murphy argues principally (a) that the petition was timely under § 2244(d)(1)(D); (b) that if his petition was not timely under that section, AEDPA's limitations period should be equitably tolled because, although he was tried and convicted as an adult, he was then 14 years of age and untutored in constitutional law; (c) that the one-year limitations period established by AEDPA violates the Suspension Clause of the United States Constitution, U.S. Const., Art. I, § 9, cl. 2; and (d) that the state court's denial of his motion to vacate his conviction was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Finding no basis for reversal, we affirm.

We reject Murphy's contention that his petition, filed in 1999, was timely under AEDPA. Apart from any time during which the statute-of-limitations period is tolled, AEDPA provides a one-year deadline from the latest of, *inter alia,* the date the defendant's conviction became final, through "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). AEDPA became effective on April 24, 1996; defendants whose convictions had become final prior to that date had a one-year grace period, until April 24, 1997, to file their petitions. *See, e.g., Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998). Murphy's conviction had become final in 1987; his one-year grace period expired in April 1997; his petition filed in 1999 was untimely.

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Although AEDPA also provides for a tolling of the limitations period while the defendant seeks postconviction or collateral review, *see* 28 U.S.C. § 2244(d)(2), that provision does not make Murphy's petition timely, for it merely interrupts the running of an unexpired limitations period; it does not resuscitate an expired period. *See, e.g., Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). Murphy did not raise his present claim in state court until 1999; because the AEDPA statute of limitations on his claim had expired in April 1997, the pendency of the state-court proceedings begun in 1999 had no effect on the limitations period.

We also reject the proposition that the district court erred in failing to make a finding as to the exact date by which Murphy could, with due diligence, have discovered the factual predicates of his claim. The factual predicates of Murphy's claims are that he testified at his trial and that his attorney told him he was required to testify. Plainly, both the fact that he testified and the advice he was given were known to him all along. What Murphy contends he did not know prior to 1999 was not a factual matter but rather a matter of law, *i.e.,* his constitutional right not to testify. The latter is beyond the scope of § 2244(d)(1)(D).

We note in passing that AEDPA's one-year limitations period would not foreclose a habeas petition based on a newly recognized constitutional right, *see* 28 U.S.C. § 2244(d)(1)(C); but the right asserted by Murphy is hardly new. It is expressly stated in the United States Constitution, *see* U.S. Const. amend. V ("[n]o person ... shall be compelled in any criminal case to be a witness against himself"); and its applicability to state criminal proceedings long predated Murphy's trial, *see, e.g., Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) (Fifth Amendment privilege against self-incrimination is applicable to the States through the Fourteenth Amendment); *cf. Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) ("Every criminal defendant is privileged to testify in his own defense, or to refuse to do so.").

Murphy's other contentions do not appear to be properly before us, because they are beyond the scope of the certificate of appealability granted by the district court. *See, e.g., Valverde v. Stinson,* 224 F.3d 129, 136 (2d Cir.2000) ("[t]he only claims we may address on ... appeal are those included in the certificate of appealability"). In the district court, Murphy moved for a certificate of appealability on two issues: (1) the contention that his federal habeas petition was timely under § 2244(d)(1)(D) because he did not discover the constitutional infirmity in his conviction until 1999, and (2) the contention that any other interpretation of AEDPA would violate the Suspension Clause. Murphy's motion did not mention equitable tolling or challenge the substance of the state-court's denial of his 1999 collateral attack. The district court granted Murphy a certificate of appealability on the § 2244(d)(1)(D) issues discussed in the preceding paragraphs. The certificate did not mention the Suspension Clause or any other issue. Murphy did not thereafter move in this Court for a certificate of appealability expanding the scope of the appeal. Accordingly, appealability was limited to the contention that the petition was timely filed under § 2244(d)(1)(D), and the proposition that the district court erred in failing to determine the exact date on which Murphy could reasonably have discovered the factual predicate of his claim.

In any event, if Murphy's other contentions were properly before us, we would reject them for lack of merit. We have previously determined that AEDPA's

time limit on petitions does not per se violate the Suspension Clause. *See Lucidore v. New York State Division of Parole*, 209 F.3d 107, 113 (2d Cir.2000); *Rodriguez v. Artuz*, 161 F.3d 763, 764 (2d Cir.) (per curiam), *aff'g* 990 F.Supp. 275, 279 (S.D.N.Y.1998) (because AEDPA's one-year period leaves petitioners with a reasonable opportunity to have their claims heard on the merits, that period does not render the habeas corpus remedy "inadequate or ineffective to test the legality of detention," and thus does not per se constitute an unconstitutional suspension of the writ). The facts of this case do not indicate that Murphy lacked a reasonable opportunity to seek habeas after the advent of AEDPA.

 Nor are we persuaded that the AEDPA limitations period should have been equitably tolled. Equitable tolling is available only if the petitioner shows "rare and exceptional" or "extraordinary circumstances" that "prevented him from filing his petition on time." *Smith v. McGinnis*, 208 F.3d at 17 (internal quotation marks omitted). The only unusual feature of this case is that when Murphy was tried (as an adult) he was 14 years of age. However, he was 25 years of age when AEDPA became effective, and had reached the age of majority (18 in New York) about a decade before he filed the present petition.

Finally, we note that the state court, in reviewing Murphy's 1999 collateral attack, had before it an affidavit from Murphy's trial counsel stating, *inter alia*, that both Murphy and his father had asked whether Murphy would be required to testify at trial and that the attorney had advised them both that Murphy had the right under both the federal and state constitutions not to testify. The attorney stated that he ultimately advised that in the circumstances of the case it would probably be in Murphy's best interests to testify, but he also advised that Murphy had a constitutional right not to testify. We see no likely merit in Murphy's contention that the state courts failed to apply clearly established federal law as determined by the United States Supreme Court in rejecting his present claim.

We have considered all of Murphy's contentions that are properly before us on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.