Sha–Teek R. HOWZE, Sr., 95–B–0589, Petitioner,

v.

Anthony ZON, Superintendent, Respondent.

No. 03–CV–0793SR.

United States District Court, W.D. New York.

June 2, 2004.

Sha–Teek R. Howze, Sr., Alden, NY, pro se.

## ORDER

CURTIN, District Judge.

Petitioner, Sha–Teek R. Howze, Sr., acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Erie County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. (Docket No. 1). By Order filed November 3, 2003, petitioner was directed to file information regarding why the petition is not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104–132, 110 Stat. 1214, effective April 24, 1996.

On November 24, 2003, petitioner filed his response. (Docket No. 5). The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner's judgment became final and his time expired to seek direct review of his conviction in the United States Supreme Court on December 1, 1997.[1] 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file this habeas corpus petition until October 24, 2003, some six years after his conviction became final.

Petitioner's explanation does not provide any information which would permit the Court to extend the limitations period beyond the one year. While petitioner does indicate that he filed two separate collateral attacks on his conviction, one a state habeas corpus petition and the other a motion to vacate the conviction under New York Criminal Procedure Law ("C.P.L."), § 440.10 (Docket No. 3), neither of them sufficiently tolled the statute of limitations to make the 2003 filing of this matter timely. The one-year period of limitations on a petition for habeas corpus is tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is

---

**1.** The New York Court of Appeals denied petitioner's request for leave to appeal on September 2, 1997, *People v. Howze*, 90 N.Y.2d 940, 664 N.Y.S.2d 759, 687 N.E.2d 656 (1997), and his time to seek direct review in the Supreme Court expired 90 days thereafter on December 1, 1997. *Walker v. Artuz*, 208 F.3d 357, 358 (2d Cir.2000) (holding that petitioner's conviction became final "when his time expired to seek direct review by writ of certiorari to the United States Supreme Court"), *rev'd on other grounds sub nom. Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

pending." 28 U.S.C. § 2244(d)(2). The state habeas corpus proceeding was filed on October 13, 1998 and denied on October 13, 1998. (Docket No. 5). Petitioner states that he attempted to obtain the necessary trial court records from the law library and to prosecute an appeal himself after his prisoner legal assistant, Jerome Rosenberg, became ill, but he never did file an appeal from the denial of his state habeas corpus proceeding despite the trial court's notice in its Order denying said relief that he was permitted to file a notice of appeal without payment of the filing fee. (Docket No. 5, Attachment, Order of David J. Mahoney, J.S.C., dated October 13, 1998). The Order also advised petitioner that he should pursue relief by way of a C.P.L. § 440.10 proceeding. (*Id.*) Petitioner never filed a C.P.L. § 440.10 motion until July 2, 2001 (Docket No. 5), almost two and one-half years after the statute of limitations under 28 U.S.C. § 2244(d)(1) expired.[2] Petitioner's delay is fatal to his petition.

Further, petitioner has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period. Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time.... In addition, the party seeking equitable

tolling must have acted with reasonable diligence throughout the period he seeks to toll"), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *see also Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir.1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)), *cert. denied*, 536 U.S. 925, 122 S.Ct. 2593, 153 L.Ed.2d 782 (2002). Even taking into consideration the fact that petitioner claims that his "jailhouse lawyer" became ill at about the time his petition for state habeas corpus relief was denied and he attempted to prepare an appeal on his own, the Order denying the request for state habeas corpus relief put petitioner on notice that he should explore relief in an C.P.L. § 440.10 motion and that he was being provided permission to

2. Petitioner's judgment became final on December 1, 1997 and, therefore, without any tolling under § 2244(d)(2), he had until December 1, 1998 to file a petition for federal habeas corpus relief. The filing of the state habeas corpus proceeding on September 10, 1998 tolled the statute until October 13, 1998, when the petition was denied. Even providing an additional 30 days of tolling, *i,e*, the

time in which petitioner could have filed a notice of appeal from the denial of the request for state habeas corpus relief, the statute of limitations was only tolled a total of 63 days (September 10–November 12, 1998). Therefore, with these 63 days of tolling, petitioner had until February 22, 1999 to file his petition.

appeal from the denial of his habeas petition without payment of the filing fee. Petitioner never filed an appeal and waited over two and one-half years to file a § 440.10 motion. (Docket No. 5). This is neither evidence of "extraordinary circumstances" nor "reasonable diligence". Because the Court finds that petitioner has failed to meet this high standard, the Court is constrained to apply the statute as written and dismiss the petition for federal habeas corpus relief as untimely.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.