**Fred HUTZENLAUB, Petitioner,**

v.

**Leonard PORTUONDO, Superintendent of Shawangunk Correctional Facility, Respondent.**

No. 02–CV–0894 (ADS).

United States District Court, E.D. New York.

July 21, 2004.

Julia Pamela Heit, Esq., New York, NY, Attorney for Petitioner.

Thomas J. Spota, District Attorney of Suffolk County, by Mary Cameron Kenny, Assistant District Attorney, Riverhead, NY, Attorney for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On March 8, 2003, the Court denied as untimely the petition of Fred Hutzenlaub ("Hutzenlaub" or "Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Hutzenlaub v. United States,* No. 02–CV–0894 (E.D.N.Y. Mar. 8, 2003). The Court also declined to grant the Petitioner a certificate of appealability. Hutzenlaub's petition was denied after the Court held a hearing on February 27, 2003 to determine whether the petition was timely and whether equitable tolling should apply to his case.

Presently before the Court is the Petitioner's motion for re-argument made "pursuant to Rule 59 or 60 of the Federal Rules of Appeal." Julia Pamela Heit, Esq., Ltr. to Court dated Mar. 24, 2003. In his motion, Hutzenlaub argues that his petition should be considered timely and that he is actually innocent of the underlying state convictions. In general, the Petitioner presents the same arguments of timeliness and equitable tolling that were the subject of the above-referenced hearing. He also includes a new argument that the "prisoner mailbox rule" renders his petition timely because he believed that the mailing of his affidavit for the habeas petition to his attorney Julia Pamela Heit, Esq., tolled the limitations period for filing a federal habeas petition.

In a supplemental motion dated April 2, 2004, the Petitioner adds that he was denied his Sixth Amendment right to counsel and to confront witnesses, in that trial counsel was precluded from conducting a meaningful cross-examination of witness Lloyd Margolis, when Margolis invoked his Fifth Amendment privilege as to his prior bad acts. The Petitioner also claims that trial counsel was ineffective for failing to present his co-defendant's plea allocution which allegedly exculpated the Petitioner.

The Petitioner argues that, notwithstanding his untimeliness, the Court's denial of these Sixth Amendment claims conflicts with the United States Supreme Court's March 8, 2004 decision in *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). He contends that the *Crawford* holding retroactively applies to his case. The Petitioner also requests that this Court grant him a certificate of appealability.

## DISCUSSION

As an initial matter, the Petitioner cannot re-start the limitations period under 28 U.S.C. § 2255(3) or claim that *Crawford* applies retroactively to his case. The Court properly dismissed his habeas petition as untimely on March 8, 2003 and that decision was rendered exactly one year before the new rule in *Crawford* was announced. In addition, his convictions became "final" for federal habeas purposes and retroactivity analysis on April 20, 2000, which was ninety days after the New York Court of Appeals denied Hutzenlaub leave to appeal.

Moreover, the Court's holding in *Crawford* offers no retroactive protection to the Petitioner. *See Beard v. Banks,* —— U.S. ——, 124 S.Ct. 2504, 2510, 159 L.Ed.2d 494 (2004) (finding that a state habeas petitioner's convictions become "final" for purposes of *Teague's* non-retroac-

**238**

tivity rule when the United States Supreme Court denies certiorari review or the period elapses in which to seek such review of the state prisoner's direct appeal); *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (finding that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). Neither of the two *Teague* exceptions apply and the Petitioner cannot prevail on his claim that his Sixth Amendment rights are in conflict with the holding in *Crawford.*

As to whether this Court erred in dismissing Hutzenlaub's petition as time-barred, the Court must deny the instant motion to reconsider "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

In this case, the Petitioner does not provide the Court with any matter that the Court overlooked in its decision and instead, he merely re-argues those issues raised at the hearing. The Petitioner's argument that the "prisoner mailbox rule" renders his petition timely because he believed that the limitations period was tolled upon his mailing his affidavit in support of his habeas petition to his attorney, is without merit. Further, the Court notes that, at the February 27, 2003 hearing, the Petitioner was "unable to show that he acted with reasonable diligence" in timely filing his habeas petition with this Court. *Hutzenlaub,* slip op. at 7. Also, his attorney's proffered excuses for her delay do not provide grounds for equitable tolling in the instant case. *Id.* at 9; *see also Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir.2000) (finding that the Court may "equitably toll" the AEDPA's one-year period statute of limitations only when "rare or extraordi-

nary circumstances" prevent the prisoner from filing timely and upon a showing that the petitioner acted with reasonable diligence throughout the period he desires to toll).

Accordingly, the Court concludes that Hutzenlaub's petition was properly dismissed as time-barred. Therefore, the Court denies the Petitioner's motion for re-argument and his application for a certificate of appealability.

**SO ORDERED.**