**Bill SAUNDERS, Petitioner–Appellant,**

v.

**Ernest EDWARDS, Superintendent of Otisville Correctional Facility, Department of Correctional Services for the State of New York, Eliot Spitzer, Attorney General of the State of New York, Respondents–Appellees.**

No. 04–1364–pr.

United States Court of Appeals, Second Circuit.

March 3, 2005.

Kim P. Bonstrom, Bonstrom & Murphy, amicus counsel, New York, NY, Mark Gimpel, Riverdale, NY, for the Petitioner–Appellant, of counsel.

Ashlyn Dannelly, Assistant Attorney General and Robin A. Forshaw, Deputy Solicitor General for Criminal Matters (for Eliot Spitzer, Attorney General of the State of New York), New York, NY, for the Respondents–Appellees.

PRESENT: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and WILLIAM H. PAULEY III,* District Judge.

## SUMMARY ORDER

Petitioner Bill Saunders appeals from the December 3, 2003 judgment of the district court dismissing his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, Saunders' habeas corpus petition must have been filed by April 24, 1997 to be timely, unless he is entitled to statutory tolling under 28 U.S.C.A. § 2244(d)(2) or to equitable tolling. Saunders has conceded that he is not entitled to statutory tolling. This Court has established that equitable tolling applies only in the "rare and exceptional circumstance." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (citation omitted). Specifically, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* To make this showing, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001) (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000)). However, this showing cannot be made if the petitioner, acting with reasonable diligence, could have filed on time. *See id.*

---

* The Honorable William H. Pauley III, Judge of the United States District Court for the South-ern District of New York, sitting by designation.

We are not convinced that Saunders could not have filed a habeas corpus petition within the statutory period. For example, he demonstrated an ability to commence a number of civil proceedings during the time period he seeks to toll. Consequently, Saunders has not shown that he is entitled to equitable tolling. Since under either a de novo or abuse of discretion standard of review the petition must be denied, we need not reach the issue of the applicable standard of review.

We have considered all other arguments and find them to be without merit. Finally, all motions pending as of the day of this order are denied as moot.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.