**Joseph MULLER, Petitioner–Appellant,**

v.

**Charles GREINER, Respondent–Appellee.**

Docket No. 04–2170.

United States Court of Appeals, Second Circuit.

July 21, 2005.

Barry M. Fallick (Jillian S. Harrington), New York, New York, for Petitioner–Appellant, of counsel.

Richard Nahas, Assistant District Attorney (Robert M. Morgenthau, District Attorney, Morrie I. Kleinbart), New York, New York, for Respondent–Appellee, of counsel.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. FREDERICK J. SCULLIN, District Judge.[1]

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

---

1. The Honorable Frederick J. Scullin, Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

Petitioner–Appellant Joseph Muller appeals the dismissal of his petition for a writ of habeas corpus as time-barred. He argues that the district court erred in dismissing his petition by refusing to equitably toll the statute of limitations. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

The one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), may be equitably tolled in "extraordinary or exceptional circumstances" which prevented the petition from being filed in a timely manner so long as the prisoner "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). The petitioner bears the burden of proving that equitable tolling is appropriate. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001).

Petitioner contends that prison guards confiscated his legal papers and intercepted all of his written attempts to contact his attorney. We have held that "[t]he intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000). However, we agree with the district court that Muller did not act with reasonable diligence from the time his legal papers were confiscated on May 14, 1997, to the time he actually filed his petition on July 22, 2002, a period of over five years.

Although the issue of which standard of review applies to denials of equitable tolling has not been firmly settled in this Circuit, we need not resolve this general issue here, as we would affirm on any standard of review. *See Minnifield v. Gomez*, 132 Fed.Appx. 931, 933 (2d Cir.2005).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**