**Vincent LOPEZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 04–5095–PR.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Eleanor Jackson Piel, New York, New York, for the Appellant.

Jo Ann M. Navickas, Assistant United States Attorney (Roslynn R. Masukopf, United States Attorney for the Eastern District of New York, on the brief; Susan Corkery, Assistant United States Attorney, of counsel), Brooklyn, New York, for the Appellee.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Vincent Lopez ("Lopez") appeals from the district court's dismissal of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 as time-barred. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Generally, "on an appeal from the denial of a § 2255 motion, we review a district court's conclusions of law *de novo* but will accept its factual findings unless they are clearly erroneous." *Sapia v. United States,* 433 F.3d 212, 216 (2d Cir.2005). We have not explicitly determined the standard of review we apply to a district court's decision that the limitations period may not be equitably tolled, although in *Baldayaque v. United States,* 338 F.3d 145 (2d Cir.2003), we held that *de novo* review applied to a district court's denial of equitable tolling as a matter of law. *See id.* at 151. *But see Zerilli–Edelglass v. N.Y. City Transit Auth.,* 333 F.3d 74, 81 (2d Cir.2003) (in non-habeas context, stating general rule that denials of equitable tolling are reviewed for abuse of discretion).

We need not resolve this issue here, however, because we would affirm under any standard of review. To qualify for equitable tolling, a "petitioner must establish that 'extraordinary circumstances prevented him from filing his petition on

time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir.2004) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (*per curiam* )). The district court did not err in refusing to toll the limitations period on equitable grounds because Lopez has failed to establish that he acted with reasonable diligence.

Despite Lopez's argument that an evidentiary hearing is required to resolve factual issues regarding the extraordinary circumstances element of his claim, he has not alleged any facts with regard to his diligence. Specifically, he alleges no facts which would explain his six-month delay in reporting the missing portions of his trial transcript, nor does he allege facts that would explain his one-year delay in filing his motion after the relevant portions of transcript were sent. Even assuming that the grant of an extension to file his motion constituted "extraordinary circumstances," the district court did not err in finding Lopez was ineligible for equitable tolling because of his lack of reasonable diligence. *See Hizbullahankhamon v. Walker* 255 F.3d 65, 75 (2d Cir.2001) (stating that even if extraordinary circumstances exist, "the link of causation between the extraordinary circumstances and the failure to file is broken" if the person seeking equitable tolling has not exercised reasonable diligence) (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000)).

We also reject Lopez's claim that the government waived its timeliness objection. The cases cited by Lopez involve timeliness objections raised for the first time on appeal or after the district court had ruled on the motion and thus are inapposite.

For the foregoing reasons, the judgment of the district court is AFFIRMED.