James BUMPUS, Petitioner–Appellant,

v.

### WARDEN CLINTON CORRECTIONAL FACILITY, Respondent–Appellee.

No. 07–4044–pr.

United States Court of Appeals, Second Circuit.

Feb. 20, 2009.

Lawrence F. Ruggiero, New York, NY, for Appellant.

Amy Appelbaum, Assistant District Attorney, (Leonard Joblove, and Victor Barall, Assistant District Attorneys, on the brief) for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Appellee.

Present RALPH K. WINTER, REENA RAGGI, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

James Bumpus, who is currently incarcerated for a term of 25 years to life on his New York State conviction for second degree murder, petitions for review of the denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. *See Bumpus v. Superintendent of Clinton Corr. Facility,* 507 F.Supp.2d 246 (E.D.N.Y. 2007). To the extent the challenged denial was based on a determination that Bumpus had failed to exhaust certain of his habeas claims before the New York Court of Appeals, the district court granted a Certificate of Appealability as to that ruling. *See id.* at 266–67; *see also* 28 U.S.C. § 2253(c). We review the legal issue of exhaustion *de novo. See Dolphy v. Mantello,* 552 F.3d 236, 238 (2d Cir.2009). We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

In dismissing Bumpus's § 2254 petition on exhaustion grounds, the district court acknowledged that Bumpus fairly presented his habeas claims to the New York Court of Appeals through an August 1, 1990 letter from his appellate counsel, with attached copies of Bumpus's brief on direct appeal to the Appellate Division. *See Bumpus v. Superintendent of Clinton Corr. Facility,* 507 F.Supp.2d at 260 (citing *Galdamez v. Keane,* 394 F.3d 68, 76 (2d Cir.2005)); *see also Galdamez v. Keane,* 394 F.3d at 73–74 (holding that Court of Appeals would construe "terse letter requesting leave to appeal" as "a request for review of *all* of the issues outlined in [accompanying] briefs"). Nevertheless, the district court concluded that Bumpus effectively withdrew all those claims save one when, on August 8, 1990, he submitted a *pro se* letter to the Chief Judge of the Court of Appeals requesting leave to appeal and briefly arguing only his courtroom closure claim. *See id.* at 261.

This conclusion is at odds with *Morgan v. Bennett,* 204 F.3d 360 (2d Cir.2000), wherein we held that, where a defendant's first letter to the Court of Appeals seeks leave to appeal all arguments raised in attached Appellate Division briefs, a follow up letter addressing only some of those arguments in more detail does not serve to narrow the scope of the claims "fairly presented" by the first letter. *Id.* at 370; *see also Davis v. Strack,* 270 F.3d 111, 122–23 (2d Cir.2001) (observing that first letter to Court of Appeals fairly presented arguments, and subsequent letter did not narrow scope of claims raised). As we explained in *Morgan v. Bennett,* in general, "we do not think it appropriate to infer that the New York Court of Appeals would construe [a defendant's] second letter as eliminating issues as to which review had been expressly requested." 204 F.3d at 371; *see Galdamez v. Keane,* 394 F.3d at 75 (same). That conclusion is particularly

402

warranted in this case where the attorney who filed the first letter did not withdraw from the case and the second letter was a *pro se* submission by the defendant. Contrary to the district court's suggestion, *see Bumpus v. Superintendent of Clinton Corr. Facility*, 507 F.Supp.2d at 261, nothing in Bumpus's August 8 letter "affirmatively directed the Court of Appeal's attention *away* from claims contained in the attached briefs," *Galdamez v. Keane*, 394 F.3d at 76 (emphasis in original). Consequently, absent some statement from the Court of Appeals to the contrary—which is noticeably lacking in the record of this case—we assume that court would have liberally read Bumpus's *pro se* letter to supplement, not supplant or repudiate, his counsel's earlier letter seeking leave to appeal all grounds raised in the Appellate Division briefs.

*Jordan v. Lefevre*, 206 F.3d 196 (2000) is not to the contrary. In that case, a defendant's first and only letter to the Court of Appeals "forcefully" argued a single point before making a seemingly *pro forma* request to appeal for "all of these reasons and the reasons set forth in his Appellate Division briefs." *Id.* at 198. We held that, in such circumstances, a passing reference to Appellate Division briefs was insufficient to present fairly the arguments contained therein to the Court of Appeals. *Id.* at 199. We need not decide here whether Bumpus's *pro se* letter would, alone, be subject to the *Jordan v. Lefevre* rule. This case is plainly distinguishable from *Jordan v. Lefevre* in that the first letter Bumpus submitted—through counsel—to the Court of Appeals is correctly understood in light of *Galdamez v. Keane*, 394 F.3d at 76, to have alerted that court that review was being sought of all issues raised in the Appellate Division briefs. In these circumstances, *Morgan v. Bennett*, 204 F.3d 360, rather than *Jordan v. Lefevre*, 206 F.3d 196, controls this case.

Nothing in the Court of Appeals' rulings supports a different conclusion. Nowhere did the Court indicate that it construed Bumpus's *pro se* letter to have withdrawn from his review application all issues except courtroom closure. Indeed, in both its denial of review and its denial of Bumpus's motion for reconsideration, the Court of Appeals employed language sufficiently broad to reach the whole of Bumpus's submissions: "there is no question of law presented which ought to be reviewed by the Court of Appeals." *People v. Bumpus*, 76 N.Y.2d 891, 561 N.Y.S.2d 553, 562 N.E.2d 878 (1990); *People v. Bumpus*, 80 N.Y.2d 829, 587 N.Y.S.2d 913, 600 N.E.2d 640 (1992).

On this record, a federal court may not conclude that the Court of Appeals was deprived of an opportunity to review the claims that Bumpus raises in his § 2254 petition when that conclusion is grounded only on the determination that Bumpus's *pro se* letter affirmatively withdrew from the Court of Appeals all claims contained in the Appellate Division briefs attached to counsel's request for leave to appeal. Accordingly, we vacate the district court's judgment denying § 2254 relief to the extent it was based on a determination that Bumpus's habeas claims had not been fairly presented to the New York Court of Appeals.

In so ruling, we express no opinion as to the merits of the claims presented in Bumpus's petition or whether individually they have been otherwise exhausted. Further, to the extent the state argues on appeal that Bumpus did not exhaust his challenge to the admission of grand jury testimony in his brief to the Appellate Division, an issue not considered by the district court, we do not foreclose consideration of that argument on remand. Finally, we note that the district court rejected Bumpus's courtroom closure argument on the merits.

See *Bumpus v. Superintendent of Clinton Corr. Facility,* 507 F.Supp.2d at 263–66. That ruling is beyond the scope of the district court's Certificate of Appealability. For that reason, and because Bumpus has not applied to this court for leave to appeal the point, we affirm the district court judgment denying § 2254 relief on the ground of courtroom closure. *See generally Valverde v. Stinson,* 224 F.3d 129, 136 (2d Cir.2000) (holding that only claims included in certificate of appealability may be addressed on appeal).

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.