MURGUIA, Circuit Judge,
dissenting:
I agree with the majority that there is tension in our equitable tolling jurisprudence. However, I respectfully dissent from the majority’s holding because Boba-dilla’s petition is timely under the more *602 practical “stop-clock” rule that this Court, sitting en banc, adopted in the immigration context, Socop-Gonzalez v. INS, 272 F.3d 1176 (9th Cir. 2001) (en banc), and has applied in the habeas context, Gibbs v. Legrand, 767 F.3d 879 (9th Cir. 2014).
Under the stop-clock rule, once the impediment preventing the petitioner from filing his petition is removed, the Court must only inquire “whether [the petitioner] filed within the limitations period after tolling is taken into account.” Socop-Gonzalez, 272 F.3d at 1195-96 (“[T]he event that ‘tolls’ the statute simply stops the clock until the occurrence of a later event that permits the statute to resume running.”). The stop-clock rule does not require a petitioner to show diligence through the time of filing. Id. As this Court has previously noted, requiring a petitioner to demonstrate diligence through the time of filing “arguably usurps congressional authority ... by substituting [the court’s] own subjective view of how much time a plaintiff reasonably needed to file suit.” Id.; see also Lott v. Mueller, 304 F.3d 918, 926-27 (9th Cir. 2002) (McKeown, J., concurring) (“A year should be 365 days not just for those fortunate enough to be free of any obstacles to filing, but for all petitioners—particularly for those who find their time to prepare a petition shrinking because of impediments beyond their control.”).
The majority is correct in pointing out that a diligence-through-filing requirement also seems to find some support in our case law. See Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003).[1] As the majority notes, in light of this tension, Luna v. Kernan advises this Court to “apply both the dihgence-through-fihng requirement imposed by Spitsyn and the stop-clock approach adopted in Gibbs.” 784 F.3d 640, 651-52 (9th Cir. 2015). However, I take issue with Luna’s, attempt to reconcile a diligence-through-filing requirement and the stop-clock approach. Under the stop-clock rule, diligence during the post-impediment period does not need to be shown. If, as Luna asserts, another line of cases holds that diligence must be shown, then the two lines of cases are irreconcilable. In attempting to “apply both” approaches, which directly contradict each other, the diligence-through-filing rule necessarily subsumes the stop-clock rule. Because the stop-clock rule is a definitive test and is consistent with “the policy objectives of the statute of limitations,” I would apply this rule to assess the timeliness of Bobadilla’s petition. See Socop-Gonzalez, 272 F.3d at 1195.
Bobadilla has demonstrated (1) “that some extraordinary circumstance stood in his way and prevented timely filing,” and (2) “that he has been pursuing his rights diligently.” Holland v. Florida, 560 U.S. *603 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Bobadilla’s lawyer abandoned him by waiting until November 17, 2012—53 weeks after the California Supreme Court’s denial of his petition for review—to notify Bo-badilla of the denial and to send him the record of his case. We have previously explained the importance of providing ha-beas petitioners with access to their files. See, e.g., Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (“[I]t is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.” (internal quotation marks omitted)); Spitsyn, 345 F.3d at 801 (“But without the file, which [the lawyer] still possessed, it seems unrealistic to expect [the prisoner] to prepare and file a meaningful petition on his own within the limitations period.”). Bobadilla’s lawyer’s conduct in this case constituted an extraordinary circumstance that prevented Bobadilla from filing his petition on time.
Bobadilla also did not fail to exercise reasonable diligence under the circumstances in this case. Although Bobadilla did not independently inquire about the status of his petition with the California Supreme Court before November 17, 2012, he was represented by counsel and a reasonable person would rely on counsel to inform him of the state court’s decision. Further, a reasonable person would not anticipate that the California Supreme Court would deny the petition for review as quickly as it did. See Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001) (stating without reservation that 21 months is “not an unusually long time [for a prisoner] to wait for a court’s decision”). Accordingly, Bobadilla is entitled to equitable tolling from the date the California Supreme Court’s denial of his petition for review became final through November 17, 2012. Because Bobadilla filed his habeas petition on November 7, 2013, within the one-year limitations period, his petition is timely under the stop-clock rule.

. Spitsyn only addresses the diligence prong of equitable tolling in dicta. See Spitsyn, 345 F.3d at 802. The only issue before the Court was whether, the misconduct of Spitsyn’s attorney was sufficiently egregious to satisfy the "extraordinary circumstance” prong' of equitable tolling, Id. at 798, The Court concluded that the attorney’s misconduct constituted an extraordinary circumstance and remanded the case to the district court to determine “whether Spitsyn exercised reasonable diligence in pursuing the matter, under the circumstances he faced.” Id. at 802 (stating that a petitioner is not entitled to equitable tolling if "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began” (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (emphasis added))). While the Court simply noted in its concluding paragraph that "the record [did] not indicate why Spitsyn did not file his petition until September, when [his counsel] returned his files in April,” the Court did not indicate that Spitsyn’s. lack of diligence during this time period would necessarily preclude his entitlement to equitable tolling.